UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00286-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JOSEPH LEE SCHAFFER,** | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Reduction/ Modification of Supervised Release Terms & Sentence for Good Cause (#48). Close review of that motion reveals that it is a form motion which the court has seen in other cases and is being circulated within the BOP by other inmates. Such form contains a number of assertions, including contentions that supervised release should be reduced for "harshness," that time spent in pretrial detention has not been credited, that the guidelines were ambiguous and that he should not have received a 2 point increase or any increase under Section 924(c), and that he is entitled to relief under "Johnson, S.Ct." and "Welch, S.Ct.." Nowhere in the form does defendant mention § 2255, but instead he mentions § 3582(c) as the basis for relief. Further, such form motion contains a patently false representation at the top of the pleading by stating the motion was mailed to the court "on or before 6/26/16." (The court does not attribute such misrepresentation to defendant as an intentional act, but as one of oversight in using a form.)

After close consideration of this motion, the court finds it to be frivolous as the motion in no conceivable way relates to the Judgment this court entered. While defendant asserts that the court imposed a "2 point increase" under Section 924(c), such contention is not only improbable

1

it is impossible as defendant's conviction was for activities related to child pornography. Section 924(c) relates to mandatory minimums for convictions involving firearms. The motion suffers from the same infirmities as to the other contentions, including its invocation of <u>Johnson v. United States</u>, 135 S.Ct. 2551, 2015 WL 2473450 (June 26, 2015), which dealt with the residual clause of the ACCA, a provision which did not come into play in this defendant's sentencing and could not have come into play as defendant was determined to be Criminal History Category I. Finally, the court finds that no relief is available to petitioner under Section 3582(c) as defendant points to no possible sentence reduction based on a post-sentencing amendment to the Sentencing Guidelines that is applicable to his offense of conviction or applicable to any factor <u>actually</u> used in his sentencing.

This motion will, therefore, be dismissed as patently frivolous.

\*\*\*

Defendant is cautioned that in filing form motions that may be floating around the BOP he runs the risk of this court deeming such to be a motion seeking relief under Section 2255. If that were to occur, defendant would have used up his one-and-only opportunity to file a Section 2255 petition inasmuch as second or subsequent petitions are prohibited under the AEDPA.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Reduction/ Modification of Supervised Release Terms & Sentence for Good Cause (#48) is DENIED.

Signed: September 29, 2016

Max O. Cogburn Jr.
United States District Judge